# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THADDEUS M. LIETZ,**
        **Petitioner,**

        v.                               Case No. 15-CV-4

**RANDY HEPP,**
        **Respondent.**

## ORDER

On January 5, 2015, Thaddeus M. Lietz filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was initially assigned to the Honorable Lynn Adelman, who screened the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases on January 29, 2015 and ordered Respondent Randy Hepp to answer the petition. (ECF No. 5.) On January 26, 2015, Lietz consented to the jurisdiction of this court (ECF No. 4), as did Hepp on March 24, 2015 (ECF No. 10). As a result, on March 26, 2015, Judge Adelman entered an order reassigning the case to this court. (ECF No. 11.)

On April 7, 2015, this court issued an order granting Hepp's motion for an extension of time in which to respond to Lietz's petition and denying Lietz's motion for summary judgment. (ECF No. 13.) A little over a week later, the court received from Lietz a copy of the "Consent to Proceed Before a U.S. Magistrate Judge" originally

submitted by Hepp. Even though Lietz had already consented to the jurisdiction of this court, he subsequently signed Hepp's consent form, refusing to consent to proceed before a magistrate judge. (ECF No. 14.)

Currently before the court is Lietz's motion to reassign this matter to a United States District Judge. (ECF No. 17.) Lietz contends that, because the consent form states it must be returned within 21 days of receipt, and 21 days had not yet elapsed when the court denied his motion for summary judgment (ECF No. 13), this court lacked the authority to deny his motion for summary judgment. (ECF No. 17.) In making his argument, Lietz does not acknowledge that he had already consented to have this court preside over his petition when the court ruled on his motion for summary judgment. (ECF No. 10.) The fact that Hepp provided Lietz with a copy of Hepp's consent form did not somehow give Lietz a second chance to reconsider whether he wanted to proceed before a magistrate judge. What Lietz is trying to do is to revoke his prior consent.

Absent extraordinary circumstances, a party is not able to revoke his consent to proceed before a magistrate judge. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b); *Lorenz v. Valley Forge Ins. Co.*, 815 F.2d 1095, 1096 (7th Cir. 1987); *McGrath v. Everest Nat'l Ins. Co.*, 2009 U.S. Dist. LEXIS 115355, 10 (N.D. Ind. Dec. 10, 2009) (quoting 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 3071.3 (2d ed. 1997)). Lietz identifies no extraordinary circumstances that merit the revocation of

his consent. The fact that the court denied Lietz's motion for summary judgment is not an extraordinary circumstance. "If the parties in a consent case could change their decision just because they didn't like a magistrate judge's ruling, then consent would be withdrawn in almost every case and consent jurisdiction would be a pointless exercise." *Gruenberg v. Kingsland*, 2012 U.S. Dist. LEXIS 140352 (W.D. Wis. Sept. 28, 2012); *see also Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987) ("Any such rule [permitting a party to withdraw consent to a magistrate judge] would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.").

Therefore, this matter shall proceed before this court. Because Hepp filed a motion to dismiss, the matter shall proceed in accordance with the following schedule, as set forth in the court's prior scheduling order. (ECF No. 13.)

The petitioner shall have until **June 4, 2015** to file a brief in opposition to the respondent's motion.

The respondent shall have until **July 20, 2015** to file a reply in support to the respondent's motion.

**SO ORDERED**.
Dated at Milwaukee, Wisconsin this 5th day of May, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

3