UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THADDEUS M. LIETZ,

    Petitioner,

  v.      Case No. 15-CV-4

RANDY HEPP,

    Respondent.

## DECISION AND ORDER

On January 5, 2015, Thaddeus M. Lietz filed a petition for a writ of habeas corpus regarding his convictions in Outagamie County Circuit Court for disorderly conduct and resisting or obstructing an officer. (ECF No. 1.) The convictions relate to Lietz surreptitiously stowing away in a stranger's vehicle for a trip from Outagamie County to Waukesha County. (ECF No. 16-1, ¶¶ 2-7.) Lietz pled no contest to each offense, each of which was enhanced under Wisconsin law due to Lietz's status as a repeat offender. (ECF No. 16-1, ¶ 13.)

In contravention of Rule 2(d) of the Rules Governing Section 2254 Cases, Lietz failed to use this court's standard Section 2254 form or substantially follow the form appended to the Rules Governing Section 2254 Cases. The matter was initially assigned

to the Honorable Lynn Adelman, who ordered the respondent to answer the petition. (ECF No. 5.) The petition was subsequently reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF No. 4, 10, 11.)

On April 20, 2015, the respondent filed a motion to dismiss. (ECF Nos. 15, 16.) Lietz responded (ECF No. 19) and the respondent replied (ECF No. 23). The respondent's motion to dismiss is now ready for resolution.

The respondent contends that Lietz procedurally defaulted any claim that he may have regarding his conviction when he failed to file a petition for review with the Wisconsin Supreme Court within 30 days of the date of the decision from the Wisconsin Court of Appeals as required by Wis. Stat. § 808.10. Based upon the court's review of the record, it appears that the respondent is correct and Lietz's petition for review was untimely. However, a petitioner does not procedurally default a claim merely because a state procedural rule *might* have barred the state court from considering it. *Harris v. Reed*, 489 U.S. 255, 263 (1989); *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985). Rather, the state court must have actually relied upon the rule to reject the petitioner's claim. *Richardson v. Lemke*, 745 F.3d 258 (7th Cir. 2014). The Wisconsin Supreme Court never addressed the timeliness of Lietz's petition for review, and thus the fact that it appears untimely under this court's calculations cannot support the conclusion that Lietz procedurally defaulted his claims.

In assessing procedural default the court looks only to the reason the Supreme Court gave for dismissing Lietz's petition for review – his failure to pay the filing fee or to seek a waiver of that fee. (ECF No. 16-6.) By failing to timely pay or to seek a waiver of the filing fee, Lietz procedurally defaulted his claims. *See Mazariegos v. Humphreys*, 2008 U.S. Dist. LEXIS 4275, 16-17 (E.D. Wis. Jan. 22, 2008).

The orderly administration of the criminal justice system depends upon federal courts respecting the procedural rulings of state courts. *Dretke v. Haley*, 541 U.S. 386, 388 (2004). As a result, federal courts will entertain procedurally defaulted claims only if the petitioner demonstrates that there was cause for his procedural default and he suffered prejudice as a result or, alternatively, the petitioner demonstrates that a miscarriage of justice would result if the court did not consider his procedurally defaulted claims. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To overcome procedural default on the miscarriage of justice exception, the petitioner "must demonstrate that he is actually innocent of the crime for which he was convicted—that is, he must convince the court that no reasonable juror would have found him guilty but for the errors allegedly committed by the state court." *Id.* at 515 (citing *Schlup v. Delo*, 513 U.S. 298, 327-29 (1995)).

In an effort to establish cause regarding his procedural default, Lietz alleges that he never received from the Wisconsin Supreme Court a petition for waiver of fees form. In rejecting this argument, the Wisconsin Supreme Court stated that the order which it

sent to Lietz notifying him of the need to pay the filing fee or to request a waiver stated that a blank petition for waiver of fees was attached to the order. (ECF Nos. 16-8; 16-5.) Because Lietz has failed to prove by clear and convincing evidence that this factual determination is not correct, the court must conclude that it is. *See* 28 U.S.C. § 2254(e)(1).

Even if this court were to accept Lietz's assertion that he never received the waiver form from the Wisconsin Supreme Court, this court would nonetheless be required to conclude that Lietz has failed to demonstrate cause for his default. He does not explain why the absence of the form prevented him from pursuing his petition for review. Although Lietz denies having received the waiver form, he does not dispute that he received the order. In the order the Wisconsin Supreme Court explicitly informed him that his petition for review would be dismissed if action was not taken within 10 days. (ECF No. 16-5.) Yet he did nothing. The Supreme Court actually waited 38 days, until September 18, 2015, to finally dismiss his petition. At no time prior to the dismissal of his petition did Lietz request another copy of the form that the court's letter said it had sent to him, nor did he otherwise attempt to comply with the court's order.

In light of Lietz's lack of diligence in the face of an explicit warning from the Wisconsin Supreme Court, the court cannot find that cause exists to excuse his procedural default. It is unnecessary to hold "a hearing so Lietz may bring forth the testimony of fifty or more people who have been or are inmates at Winnebago County

4

Jail" so the court can learn about the jail's mail handling practices. (ECF No. 19 at 5.) Nor does the court find oral argument necessary.

The court may excuse Lietz's procedural default only if he can demonstrate that he is actually innocent. This exception to the procedural default rule is limited to the "extremely rare," "extraordinary case" where, in light of "new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," the court finds that "it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)).

In an apparent effort to demonstrate his actual innocence, Lietz argues the merits of his claim. He contends that, because he was on supervision by the Wisconsin Department of Corrections and living in a halfway-house, he was "in custody" and entitled to be informed of his *Miranda* rights prior to any questioning. (ECF No. 19 at 6-7.) He also argues that the interrogator lied to him about bodily fluids found in a vehicle, which led to Lietz's statement being involuntary. (ECF No. 19 at 7.)

Being in "custody" can have different meanings depending upon the context in which it is used. In the habeas corpus context, a petitioner must be in "custody" in order for a federal court to be able to consider his petition. 28 U.S.C. § 2254(a). When used in this context, the term means that petitioners must be "subject to conditions that

5

'significantly restrain …[their] liberty.'" *Virsnieks v. Smith*, 521 F.3d 707, 717 (7th Cir. 2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)). Under this broader definition, persons on probation, parole, or extended supervision are considered to be in custody. *Id.* at 717. It is because of this broader definition that Lietz remains in custody today, enabling the court to consider his present petition despite the fact that it appears that he is no longer incarcerated in a correctional institution.

However, in the context of whether a person must be informed of his constitutional rights prior to interrogation, being in "custody" requires a restraint upon movement comparable to that associated with formal arrest. *United States v. Yusuff*, 96 F.3d 982, 987 (7th Cir. 1996) (citing *California v. Beheler*, 463 U.S. 1121, 1125 (1983)). Lietz understandably but incorrectly applies the definition of custody applicable in the habeas corpus context to his *Miranda* argument. Not only can this argument not support a claim of actual innocence, but it means that this claim would also fail on its merits.

Likewise, Lietz's arguments with respect to the absence of evidence of his DNA in the vehicle in which he was alleged to have stowed away is insufficient to demonstrate his actual innocence and would fail on its merits. As the Wisconsin Court of Appeals correctly noted in rejecting Lietz's direct appeal, "DNA or physical evidence is not required to prove the crime of disorderly conduct." (ECF No. 16-1, ¶ 27.) While DNA evidence is probative of whether a person was present at a particular location, the absence of such evidence does not conclusively establish that the person had never been

there. Therefore, presuming that Lietz is correct and DNA testing was actually conducted in this misdemeanor case in which the suspect confessed to the offense, the absence of evidence that his DNA was found in the subject vehicle would not establish his innocence.

More importantly, these arguments are the same as those presented by Lietz in his direct appeal. (*See* ECF No. 16-1, ¶¶ 15-27.) They do not address new evidence and are insufficient to support an actual innocence claim and avoid procedural default. *See Woods v. Schwartz*, 589 F.3d 368, 377 (7th Cir. 2009). Accordingly, the court must find that Lietz procedurally defaulted his claims by failing to properly present them to the Wisconsin Supreme Court. As a result, this court is barred from considering the merits of his claims and must grant respondent's motion to dismiss.

Although now immaterial in light of the court's conclusion that Lietz has procedurally defaulted his claims, the court nonetheless finds it appropriate to offer a few comments regarding the relief he seeks. He asks the court to "set a new precedent in terms of guidelines and procedures to be used for law enforcement within this type of scenario." (ECF No. 19 at 8.) In the context of a petition for a writ of habeas corpus, a federal court is forbidden from establishing new law. *Wright v. Van Patten*, 552 U.S. 120, 126 (2008). Additionally, he asks for $100,000.00 in damages for what he believes was a violation of his constitutional rights. (ECF No. 19 at 11.) "[D]amages are not an available habeas remedy." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004).

Finally, in accordance with 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules Governing Section 2254 Cases, the court finds that Lietz has failed to make a substantial showing of a denial of a constitutional right and therefore denies him a certificate of appealability. However, should the petitioner wish to appeal, he may request a certificate of appealability from the Court of Appeals for the Seventh Circuit.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss, (ECF No. 15) is **granted**. The petition and this action are hereby dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of November, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.